ELLIS, Judge:
Judgment was rendered herein pursuant to a stipulation entered into by the parties. The judgment contained the following language:
“IT IS FURTHER ORDERED ADJUDGED AND DECREED that THOMAS PARKER, SR., be allowed to exercise visitation in accordance with the stipulation entered between the parties provided that Thomas Parker, Sr., post a $5,000.00, Surety Bond with a Surety company authorized to do business and doing business in the State of Louisiana, or in lieu thereof, a $2,500.00 cash bond.
“IT IS FURTHER ORDERED ADJUDGED AND DECREED that THOMAS PARKER, SR., is to file no legal proceedings in any court of jurisdiction of this State or any other State other than THE FAMILY COURT for the PARISH OF EAST BATON ROUGE seeking a modification of this judgment in any respect.”
Plaintiff Thomas Parker, Sr., has appealed from the judgment, objecting to that part thereof requiring him to post a bond, and to that part restricting him from filing a proceeding to modify the judgment in any court other than the Family Court in East Baton Rouge Parish.
The written stipulation contained in the record is silent as to the above two points. However, the oral stipulation entered into in open court on November 24, 1981, indicates that the parties agreed to the posting of a bond to insure that Mr. Parker would return the children after exercising his visitation rights, and not pursue the matter further in the State of Mississippi, where the parties had their matrimonial domicile.
The record contains the following colloquy, after the terms of the stipulation had been dictated into the record:
“THE COURT: All right, in suit number 55,275, Parker versus Moore, there’s judgment herein in accordance with the stipulation of the parties as dictated into the record. Now, gentlemen, of course, the visitation will not become effective until the bond is filed.
“MR. HAYMER: Yes, sir.
“THE COURT: Both of you sign—
“MR. MCKAY: I’ll prepare a stipulation—
“THE COURT: I want both parties to sign the judgment in this case also.
“MR. HAYMER: Both parties also?
“THE COURT: Both parties and both attorneys.”
In this court, plaintiff Parker contends that both the bond and the restriction of seeking modification in another forum are beyond the authority of the court. Defendant Doriscene Parker Moore contends that, having stipulated to the judgment in the court below, plaintiff cannot be heard to complain.
We agree with defendant. Article 2085 of the Code of Civil Procedure provides:
*93 “An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
The judgment in this case is precisely in accordance with the stipulation which was entered into an open court, and made the judgment of the court. At the time that the judgment was signed, plaintiff voluntarily acquiesced therein by filing the bond required thereby. We find that the judgment was rendered pursuant to a confession of judgment, by stipulation, by both parties. Under the clear terms of Article 2085, supra, it is not appealable.
The appeal herein is therefore dismissed, at plaintiff’s cost.
APPEAL DISMISSED.